IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LORENZO JOHNSON,

          Plaintiff,

v.

BRIAN FOSTER, SGT. ROBERT
DREHMEL, CO WYNDRICK,
NURSE VICK, MARY ANN MORE,
ROBERT WEINMAN, JEAN PIERRE,
and NP AMY DENNEAU,

          Defendants.

OPINION AND ORDER

23-cv-125-wmc

---

*Pro se* plaintiff Lorenzo Johnson alleges that he received inadequate medical care for his jaw condition and associated pain. (Dkt. #1.) He is proceeding on Eighth Amendment medical care and state-law medical negligence claims against several defendants, all of whom are current or former employees of Waupun Correctional Institutional or Fox Lake Correctional Institution. (Dkt. #6.)[1]

Defendants filed a motion to transfer venue. (Dkt. #10.) Defendants contend that venue is proper only in the Eastern District of Wisconsin because all the defendants reside in the Eastern District and the underlying events occurred there. (*Id.* at 2.) Johnson does not concede that transfer is required, but he has not clearly disputed that venue is proper only in the Eastern District or otherwise meaningfully objected to transfer. (*See* dkt. #19.)

Indeed, venue is proper only in the Eastern District. Defendants declare, and Johnson has not disputed, that they all reside in the Eastern District. (*See* dkts. #11-16);

---

[1] The screening order incorrectly states on its first page that the court would allow Johnson to proceed against Dr. Wieland; it did not. (*See* dkt. #6 at 1-2, 7-9.)

*see also* 28 U.S.C. § 1391(a). And practically all the events and omissions on which Johnson bases his claims occurred at Waupun or Fox Lake, both of which are in the Eastern District for venue purposes. (*See* dkt. #6 at 2-8); *see also* 28 U.S.C. § 130(a). A few relevant events may have occurred at University Hospital in Madison, but they are hardly a "substantial part of the events or omissions" underlying Johnson's claims. *See* 28 U.S.C. § 1391(b)(2). Defendants have shown that venue is proper only in the Eastern District.

When venue is improper, courts may dismiss or, "if it be in the interest of justice," transfer the case to the proper venue. 28 U.S.C. § 1406(a). Because the court allowed Johnson to proceed in part on his complaint, transferring this case to the Eastern District serves justice.

## ORDER

IT IS ORDERED that defendants' motion to transfer this case to the Eastern District of Wisconsin (dkt. #10) is GRANTED and this case is TRANSFERRED to that district.

Entered this 20th day of September, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge