UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LORENZO JOHNSON,

        Plaintiff,

v.                                 Case No. 23-CV-1244

BRIAN FOSTER, *et. al.*,

        Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

Plaintiff Lorenzo Johnson, who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) Johnson was allowed to proceed on an Eighth Amendment deliberate indifference to medical needs claim against the defendants. (ECF No. 6.) On January 23, 2024, the defendants filed a motion for partial summary judgment on the grounds that Johnson failed to exhaust his administrative remedies for his claims against defendants Amber Wendrick, Gwendolyn Vick, and Mary Ann Moore. (ECF No. 40.) Johnson has responded in opposition. As explained below, the defendants' motion for partial summary judgment on exhaustion grounds is granted in part and denied in part.

## PRELIMINARY MATTERS

In his response materials, Johnson concedes that he did not exhaust his administrative remedies against Vick. (ECF No. 46 at 6.) Summary judgment is granted in Vick's favor, and because there are no additional claims against her, she is dismissed. The

court's decision will focus on whether Johnson exhausted his administrative remedies against Wendrick and Moore.

## FACTS

On March 10, 2020, while incarcerated at Waupun Correctional Institution (Waupun), Johnson suffered from severe facial and chest pain. (ECF No. 42, ¶ 8.) He told defendants Wendrick and Robert Drehmel about his pain, but they did not take him to the Health Services Unit (HSU) or otherwise arrange for him to get medical help. (*Id.*) Johnson finally received medical attention eight hours later. (*Id.*) Throughout the spring and summer of 2020, Johnson suffered from his mouth and jaw pain, at one point fainting from it. (*Id.*, ¶¶ 9–10.) Then, in early August 2020, Johnson saw Moore, who refused to prescribe him the pain medication that non-defendant off-site provider Dr. Weiland prescribed Johnson. (*Id.*, ¶ 11.) Johnson also states that Moore failed to provide him an adequate substitution for his pain medication. (*Id.*) In 2021 and 2022, Johnson continued to complain to staff members about his mouth pain and alleges that he did not receive proper pain treatment and his complaints about his pain were ignored. (*Id.*, ¶¶ 11–12.) Sometime in 2022, Johnson transferred to Fox Lake Correctional Institution (Fox Lake), and defendant Nurse Practitioner Amy Denneau refused to give him his pain medication. (*Id.*, ¶ 13.)

On March 16, 2020, the inmate complaint examiner (ICE) received inmate complaint WCI-2020-4664 from Johnson, wherein Johnson complained that Drehmel continuously refused to provide medical care, and it was only after Johnson's family called the Warden that he received medical care. (ECF No. 43-2 at 10–11.) Johnson also writes that he asked an unnamed correctional officer to give Drehmel a note that described his issue, and Johnson was still ignored. (*Id.*) Johnson alleges that, during the investigation of

his inmate complaint, he told non-defendants Lieutenants Mitchell and Thomas about being denied medical attention on March 10, 2020, including by Wendrick. (ECF No. 46 at 5.) Johnson states that there was an incident report that proves he mentioned Wendrick during the investigation but, despite submitting requests for it, he was not given a copy of that incident report. (*Id.*; ECF No. 46-1 at 3–4.)

On March 25, 2020, the ICE received inmate complaint WCI-2020-5435, wherein Johnson complained that he still had not received adequate treatment for his mouth pain. (ECF No. 43-3 at 10-11.) Johnson detailed how he had been asking for pain treatment since March 10, 2020, and that he was only seen by HSU a week later because his mouth had become so swollen he was unable to eat. (*Id.*)

On February 8, 2022, the ICE at Waupun received inmate complaint WCI-2022-2898, wherein Johnson again complained that his pain had not been treated and that he "attempted to resolve the issue with Rob Weinman, M. Ann Moore at H.S.U. by filing Health Service Request multiple times." (ECF No. 43-4 at 11.) In his response materials, Johnson details how, many times over the course of several months, he tried to seek effective pain medication from Moore, and Moore stuck to an ineffective pain treatment regimen. (ECF No. 46 at 8–14.)

After he was transferred to Fox Lake, Johnson filed two more inmate complaints: FLCI-2022-15608 and FLCI-2023-4006. Both of these inmate complaints describe how Johnson was denied pain medication once at Fox Lake. (ECF Nos. 46-5 and 46-6.)

The defendants do not allege that Johnson failed to take all the proper steps in the exhaustion process.

# SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

# ANALYSIS

1. *Applicable Law and Procedure on Exhaustion*

Because Johnson was incarcerated during the relevant time, his complaint is governed by the Prison Litigation Reform Act (PLRA). The PLRA states in part that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court, and it produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006)). The exhaustion rule also promotes efficiency, because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018).

At Waupun and Fox Lake Correctional Institutions, "[a]n inmate may use the Inmate Complaint Review System (ICRS) to raise issues regarding policies, rules, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code § DOC 310.06(1). A prisoner must "file a complaint within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code § DOC 310.07(2). A complaint "may contain only one clearly identified issue." Wis. Admin. Code § DOC 310.07(5).

The ICE then may accept the complaint and make a recommendation or reject the complaint for one of the ten reasons listed in § DOC 310.10(6) within 30 days from the date of receipt. Wis. Admin. Code § DOC 310.10 (2), (9). If the ICE rejects the complaint, an inmate may appeal the rejection within 10 days to the appropriate reviewing authority "who shall only review the basis for the rejection of the complaint." Wis. Admin. Code § DOC 310.10(10). The ICE may also return a defective complaint and allow an inmate to correct the defects and resubmit within 10 days. Wis. Admin. Code § DOC 310.10(5).

When the ICE makes a recommendation, the Reviewing Authority shall make a decision within 15 days. Wis. Admin. Code § DOC 310.11(1). If an inmate does not receive a decision within 45 days after the date of acknowledgement by the ICE, he may directly appeal to the CCE. Wis. Admin. Code § DOC 310.11(3). Otherwise, an inmate may appeal a reviewing authority's decision to the CCE within 14 days after the date of the decision. Wis. Admin. Code § DOC 310.12(1). The CCE then "shall recommend that the reviewing authority decision be affirmed or dismissed, in whole or in part, and send its recommendation to the secretary [of the DOC] within 45 days of receipt of the appeal." Wis. Admin. Code § DOC 310.12(9). The secretary shall make a decision within 45 days

6

following the receipt of the CCE's recommendation. Wis. Admin. Code § DOC 310.13(1). "If the inmate does not receive the secretary's written decision within 90 days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted." Wis. Admin. Code § DOC 310.13(4).

2. *Application to this Case*

The defendants argue that Johnson did not exhaust his administrative remedies against Wendrick because he did not mention her in inmate complaint WCI-2020-4664. They further argue that he did not exhaust his remedies against Moore because the inmate complaints he filed concerning her actions (or lack thereof) were filed almost two years after she first denied him his prescription.

"[A]n inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). In other words, "a prisoner satisfies the exhaustion requirement when he gives a prison 'notice of, and an opportunity to correct, a problem.'" (*Id.*) (quoting *Turley v. Rednour*, 729 F.3d 645, 640 (7th Cir. 2013)). A prisoner "need not lay out the facts, articulate legal theories, or demand particular relief" in their inmate complaint. *Price v. Friedrich*, Case No. 15-cv-774-pp, 2018 WL 3432725, at *4 (E.D. Wis. July 16, 2018) (citations omitted).

Regarding Wendrick, inmate complaint WCI-2020-4664 puts the institution on notice that she knew about Johnson's pain and did nothing. While Johnson does not explicitly name her, he does state that he gave a corrections officer a note. That, when coupled with the evidence that during the investigation of the inmate complaint he went into further detail about Wendrick's involvement, meant that Waupun was put on notice.

7

Additionally, the inmate complaint states that no one gave Johnson medical treatment during Dremel's shift, which would include Wendrick. Summary judgment as to the claim against Wendrick is denied.

Turning to Moore, Johnson filed his inmate complaint in 2022, nearly two years after the first instance of being denied pain medication in March 2020, and approximately 18 months after Moore first denied him pain medicine. The defendants argue that he fails to exhaust his administrative remedies against Moore because he did not file an inmate complaint in August 2020. "[P]risoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Turley*, 729 F.3d at 650. "Separate complaints about particular incidents are only required if the underlying facts or the complaints are different." *Id.* In inmate complaint WCI-2022-2898, Johnson states that he tried for several months to get Moore to provide him with adequate pain management and she refused or ignored him. Thus, Johnson's inmate complaint put Waupun on notice that Moore had been inadequately treating him for several months, which would include her initial failure in 2020. Summary judgment for the claim against Moore is denied.

## CONCLUSION

By agreement of the parties, summary judgment against Vick is granted, and she is dismissed from the case. Summary judgment as to Wendrick and Moore is denied. The court will enter a scheduling order at a later date.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for partial summary judgment on exhaustion grounds (ECF No. 40) is **GRANTED in part and**

**DENIED in part**. Summary judgment in favor of Vick is **GRANTED**, and she is **DISMISSED without prejudice**. Summary judgment as to Wendrick and Moore is **DENIED**.

Dated at Milwaukee, Wisconsin this 12th day of July, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge